UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23378-CV-SCOLA
(16-20870-CR-SCOLA)
MAGISTRATE JUDGE REID

CEDRICK THOMAS,

    Movant
v.

UNITED STATES OF AMERICA,

    Respondent
_____/

# REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

## I. Introduction

This matter is before the Court on a *pro se* Motion to Vacate filed by Movant, **Cedrick Thomas**, pursuant to 28 U.S.C. § 2255. [CV-ECF 1[1]]. Movant is currently incarcerated and serving an eighty-four month and one day term of imprisonment following his guilty plea to one count of conspiracy to commit Hobbs Act robbery and one count of brandishing a firearm in furtherance of a crime of violence, in the United States District Court for the Southern District of Florida**, Case No. 16-20870-CR-SCOLA**. [CR-ECF 58].

---

[1] Citations to the record in this civil action brought pursuant to 28 U.S.C. § 2255 are designated in this Report as "[CV-ECF _]." Citations to the record in Movant's underlying criminal case, **Case No. 16-20870-CR-SCOLA**, are designated in this Report as "[CR-ECF _]."

Movant brought this action because on June 24, 2019, the Supreme Court of the United States held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019).

This cause has been referred to the Undersigned for ruling on all pre-trial, non-dispositive matters and for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [CV-ECF 2]. After conducting an initial review of the Motion to Vacate pursuant to Rule 4(b) Governing Section 2255 Proceedings, the Undersigned ordered the Government to either file a notice conceding that Movant is entitled to relief or show cause why the Motion to Vacate should not be granted. [CV-ECF 5 p. 2].

Considering the novel issues implicated by Movant's *pro se* Motion to Vacate, the Undersigned determined that pursuant to 18 U.S.C. § 3006A(a)(2)(B), it would be in the interest of justice to appoint attorney **Ira N. Loewy, Esq.** to represent Movant at all further stages of this proceeding before both this Court and any appellate proceedings. [CV-ECF 7].

The Motion to Vacate contains one claim raising a single ground for relief; that Movant's conviction is unconstitutional because his conviction for brandishing a firearm in furtherance of a crime of violence relied upon the now-void 18 U.S.C. § 924(c)(3)(B). [CV-ECF 1 p. 4]. After careful consideration of each parties' filings

and the record in Movant's criminal case, the Undersigned **RECOMMENDS** that the Motion to Vacate [CV-ECF 1] be **DENIED**, for the reasons discussed below.

## II. Factual and Procedural History

On November 10, 2016, Movant was indicted and charged with five counts: conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 6); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 7). [CR-ECF 1]. Importantly, the brandishing charge in Count 3 referenced Movant's Hobbs Act robbery charge in Count 2 as the predicate crime. [*Id.*].

On April 18, 2017, Movant pleaded guilty to Count 1 and Count 3 of the Indictment and executed a written Plea Agreement [CR-ECF 36] and Factual Proffer. [CR-ECF 37]. That same day, Movant appeared before the Court for a change of plea hearing where the Court accepted Movant's plea. [CR-ECF 38].

In the Factual Proffer, Movant stipulated that on April 25, 2016, he drove his co-defendant to a shopping mall where he then served as a look-out for his co-defendant. [CR-ECF 37 p. 1]. A short time later, Movant's co-defendant "brandished a silver-colored firearm" at a mall employee and demanded a moneybag the

3

employee was carrying. [*Id*.]. After Movant's co-defendant took the moneybag, his co-defendant ran back to Movant's vehicle and they drove away together. [*Id*.]. Movant further stipulated that his actions were coordinated with his co-defendant for the purpose of obtaining the money, totaling $3,979.96, and that his actions affected interstate commerce. [*Id*.].

At the change of plea hearing, the Court questioned Movant to determine if there was a factual basis to support each of the essential elements of Movant's alleged crimes. [CV-ECF 14-1 pp. 12-14]. Specifically, the Court asked Movant if "on April 20, 2016, did you drive a car with Angel Oliva to the Aventura Mall, and did you go there knowing that Mr. Oliva was going to commit an armed robbery? And did you act as a lookout and the getaway driver from the robbery? And did Mr. Oliva brandish a firearm and steal a total of almost $4,000 from an employee of the Godiva store? And did that action of stealing money from the store affect interstate commerce and foreign commerce?" [*Id*. at pp. 12-13].

After brief asides not relevant to this case, the Court concluded by finally asking Movant: "Did you do all that?" (in reference to the above stream of questions) "And are all the other facts in the written factual proffer that you signed true and correct?" to which Movant replied: "Yes, Your Honor." [*Id*. at p. 13]. Movant then confirmed his guilty plea, and it was accepted by the Court. [*Id*. at pp. 13-14].

At the July 18, 2018 sentencing hearing, the Government recommended that Movant be sentenced to time served for Count 1 and the 84-month mandatory minimum sentence for Count 3. [CV-ECF 14-2 p. 5]. The Court sentenced Movant to be imprisoned for a total of 84 months and one day, consisting of a term of one day credit time served for Count 1 and a consecutive term of 84 months for Count 3. [*Id*. at pp. 13-14].

### III.   Timeliness of the Motion to Vacate

As stated, the Court entered the Judgment sentencing Movant in his criminal case on July 18, 2017. [CR-ECF 58]. Movant did not file a notice of appeal. Thus, his case became final fourteen days later, on August 1, 2017. *See* Fed. R. App. P. 4(b)(1)(A). Accordingly, Movant originally had until August 1, 2018 to file a Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1); *see also Johnson v. United States*, 340 F.3d 1219, 1222 (11th Cir. 2003).

However, as previously mentioned, on June 24, 2019, the Supreme Court of the United States in *Davis* announced a new rule of constitutional law retroactively applicable to cases on collateral review. *See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). At that moment, a new one-year limitations period began for all federal prisoners to file a § 2255 motion raising claims newly recognized in *Davis*. *See* 28 U.S.C. § 2255(f)(3). However, only claims invoking *Davis* are considered timely, because commencement of the limitations period is done on a claim-by-claim

basis[2] and any claim not asserting a newly recognized right would still have the August 1, 2017 date of finality. *See Zack v. Tucker*, 704 F.3d 917, 925-26 (11th Cir. 2013) (*en banc*).

Pursuant to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), Movant filed his Motion to Vacate on August 7, 2019. [CV-ECF 1 p. 12]. Because the effective date of filing is within one year of the Supreme Court's retroactively applicable decision in *Davis*, his Motion to Vacate is timely brought pursuant to 28 U.S.C. § 2255(f)(3). *See, e.g., Berry v. United States*, 468 F. App'x 924, 925 (11th Cir. 2012) (*per curiam*) (quoting 28 U.S.C. § 2255(f)(3)).

## IV. Procedural Default

Respondent argues that Movant's *Davis* claim is procedurally defaulted because Movant did not first file his challenge on direct appeal. This is because "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases)).

As such, general rules have developed that: "(1) a defendant must assert all available claims on direct appeal," and (2) "relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of

---

[2] "Although the Supreme Court has not squarely addressed this issue, it indicated in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005), that the statute of limitations applies on a claim-by-claim basis." Means, Brian R., *Federal Habeas Manual* § 9A:8 (May 2019).

6

other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Id*. (quotations and internal citations omitted). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

As Movant puts it, Respondent's procedural default argument is foreclosed by *Hammoud*, 931 F.3d at 1039. In *Hammoud*, the Eleventh Circuit reviewed and granted an application to file a successive § 2255 motion. To receive such authorization, the application must contain a claim involving "a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was **previously unavailable**." *Id*. at 1035 (quoting 28 U.S.C. § 2255(h)(2)) (emphasis added).

In *Hammoud*, the Eleventh Circuit held that the applicant's *Davis* claim met the requirements of 28 U.S.C. § 2255(h)(2) and granted his application to file a successive § 2255 motion. *See id*. at 1040. This necessarily means that the applicant's *Davis* claim was in fact **previously unavailable** before June 24, 2019. Accordingly, Movant is not attempting to assert a previously available claim he did not assert on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills*, 36 F.3d at 1055).

Next, the Undersigned finds that Movant's claim does involve a "transgression[] of constitutional rights." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)). Movant's claim is that his conviction relied upon an unconstitutionally vague statute. "Vague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them." *Davis*, 588 U.S. at ___, 139 S. Ct. at 2325 (first quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926), then citing *Collins v. Kentucky*, 234 U.S. 634, 638 (1914)).

Movant's claim, if true, would transgress upon his constitutional right to due process of law. *See Lynn*, 365 F.3d at 1232 (quoting *Richards*, 837 F.2d at 966). Further, *Hammoud* conclusively establishes that Movant's *Davis* claim was previously unavailable, and thus, he is not now attempting to assert a claim that was available to him on direct appeal in this collateral appeal. *See id.* (citing *Mills*, 36 F.3d at 1055). Accordingly, the Undersigned finds that there is no procedural default, and that Movant's claim should proceed to a merits review.[3]

---

[3] At least several other federal courts have come to similar conclusions; though those courts generally found that there was a procedural default, but that it can be excused because the movant's *Davis* claim was, at the time to appeal, a claim that "is so novel that its legal basis is not reasonably available to counsel." *Carter v. United States*, Case No. 16-cv-02184, 2019 WL 4126074, 2019 U.S. Dist. LEXIS 147187 at *13-14 (C.D. Ill. Aug. 28, 2019) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (quotation and internal citation omitted); *see also Howie v. United States*, Case No. 16-cv-437, 2019 WL 4743724, 2019 U.S. Dist. LEXIS 166237 at *13 (W.D.N.C. Sept. 27, 2019) (collecting cases). The Undersigned agrees, and alternatively finds that any procedural default is excused because Movant can show cause (i.e., that the *Davis* claim was "so novel" that is was "not reasonably available to counsel" at the time of Movant's criminal case),

## V. Merits Analysis

As an introductory matter, 18 U.S.C. § 924(c) provides for additional consequences if a person uses or carries a firearm during and in relation to a crime of violence or possesses a firearm in furtherance of such crimes. *See* 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is later defined in two subparts, § 924(c)(3)(A), colloquially known as the "elements clause," and § 924(c)(3)(B), the "residual clause."

On June 24, 2019, the Supreme Court of the United States held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. *See Davis*, 588 U.S. at ___, 139 S. Ct. at 2336. However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id*.

A. <u>Conspiracy to Commit Hobbs Act Robbery as § 924(c) Predicate</u>

Movant's claim alleges that *Davis* invalidates his conviction in Count 3 for brandishing a firearm in furtherance of a crime of violence because he was convicted in reliance on the now-invalid residual clause. In this case, even though Movant was charged with both Hobbs Act robbery and conspiracy to commit Hobbs Act robbery

---

and at least arguable prejudice, because there was arguably no adequate factual basis to conclude that Movant aided and abetted his co-defendant's brandishing of a firearm in furtherance of a crime of violence and Movant was subject to an extended prison term as a result of his § 924(c) conviction, as discussed at length below. *See Carter*, 2019 WL 4126074, 2019 U.S. Dist. LEXIS 147187 at *13 (citing *Cross v. United States*, 892 F.3d 288, 295 (7th Cir. 2018)).

[CR-ECF 1], he only pleaded guilty to one of the conspiracy counts, Count 1, and a single brandishing count, Count 3. [CR-ECF 36].

While the Eleventh Circuit recently held that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence, *see Brown v. United States*, No. 17-13993, ___ F.3d ___, 2019 WL 5883708, at *4-6, 2019 U.S. App. LEXIS 33674, at *11-14 (11th Cir. Nov. 12, 2019), a review of Count 3 of Movant's Indictment clearly indicates that Count 2, Hobbs Act robbery, not Count 1, conspiracy to commit Hobbs Act robbery, is the predicate crime for Count 3. [CR-ECF 1 p. 3].

Thus, the holdings of *Davis* and *Brown* regarding the constitutionality of the residual clause are not implicated. Movant cannot rely on *Davis*, because Hobbs Act robbery qualifies categorically as a predicate crime of violence to support a § 924(c) conviction under the elements clause, not the residual clause. *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (citing *In re St. Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).

B.     Hobbs Act Robbery or Aiding and Abetting as Movant's § 924(c) Predicate

To the extent the Respondent argues that Movant's guilty plea to Hobbs Act conspiracy is irrelevant because the § 924(c) charge is predicated upon either substantive Hobbs Act robbery or aiding or abetting Hobbs Act robbery, both of which qualify categorically under the elements clause, the Undersigned disagrees in part.

The Undersigned agrees with Respondent's argument that § 924(c) does not require a defendant to be convicted of, or even charged with, the predicate offense. *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)). The Undersigned disagrees that Hobbs Act robbery is the predicate crime here, because the facts stipulated to by Movant in his criminal case simply do not support a conviction as a principal for brandishing a firearm in furtherance of a crime of violence, namely, because Movant did not in fact brandish a firearm. *See* 18 U.S.C. § 924(c)(4) (defining "brandish" as "to display [a] firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person.").

To meet its burden on the § 924(c) charge, the Government must show that a defendant used or carried a firearm during and in relation to a crime of violence. *See Navarro*, 931 F.3d at 1302; see also *Frye*, 402 F.3d at 1128 (citing *Smith v. United States*, 508 U.S. 223, 227-28 (1993)). "A defendant carries a firearm if it is carried directly on his person or carried in his vehicle." *Frye*, 402 F.3d at 1228 (citing *Muscarello v. United States*, 524 U.S. 125, 131 (1998)).

Movant's Factual Proffer, however, does not establish that *Movant* "used or carried a firearm during an in relation to a crime of violence" at all. In the Factual Proffer, Movant only stipulated that he drove his co-defendant to the robberies,

11

served as a look-out, that his actions were coordinated with his co-defendant to obtain the money, and that his actions affected interstate commerce. [CR-ECF 37].

Movant's other stipulations concern his co-defendant, not any actions taken by Movant. For example, Movant stipulated that his co-defendant "brandished a silver-colored firearm" at a mall employee and a restaurant employee, not that Movant did. [*Id.*]. Movant also stipulated that it was Movant's co-defendant who left the restaurant moneybag and a silver-colored firearm inside the co-defendant's rental vehicle, not Movant, and it was Movant's co-defendant's finger prints that were found on the moneybag, not Movant's. [*Id.*].

Where Respondent finally prevails is on its aiding and abetting argument. Pursuant to 18 U.S.C. § 2, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States "is punishable as a principal." 18 U.S.C. § 2. In his criminal case, Movant was charged as an aider and abettor under § 2 in both Count 2 and 3 of the Indictment. [CR-ECF 1 pp. 2-3].

Movant's § 924(c) charge is for aiding and abetting *his co-defendant's act of brandishing of a firearm in furtherance of a crime of violence* (the April 25, 2016 Hobbs Act robbery in Count 2 that his co-defendant committed, and Movant aided and abetted). As such, the government must prove that (1) Movant "knowingly and actively participated" in the crime, and (2) that Movant had advance knowledge that his co-defendant would be armed, "knowledge that enables him to make the relevant

legal (and indeed, moral) choice." *Rosemond v. United States*, 572 U.S. 65, 78, 82 (2014) (parenthesis in original); *see also United States v. Castillo-Allen*, 567 F. App'x 738, 743 n.1 (11th Cir. 2014) (*per curiam*) ("a defendant will be subject to accomplice liability under that provision only if he knows that one of his confederates will carry a gun.").

Here, it is undisputable that Movant knowingly and actively participated in the crime. He was the getaway driver and the lookout for his co-defendant, thus the Factual Proffer rightly supports the fact that Movant aided and abetted the crime (the Hobbs Act robbery).

Where Respondent's case becomes more difficult is in proving that Movant had advance knowledge that enabled him to make a legally relevant choice. "[A] defendant has the requisite intent if he 'actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.'" *Steiner v. United States*, 940 F.3d 1282, 1290 (11th Cir. 2019) (quoting *Rosemond*, 572 U.S. at 67, 77).

Here, the Factual Proffer is completely silent on Movant's advance knowledge of his co-defendant's use of a firearm. The only potential reference to knowledge is that that Movant admitted to coordinating with his co-defendant, but it does not specify anything about the firearm. At Movant's change of plea hearing, however, Movant admitted to advance knowledge of his co-defendant's firearm use

13

when being questioned by the Court. Specifically, Movant was asked by the Court if "on April 20th, 2016 (sic), did you drive a car with Angel Oliva to the Aventura Mall, and did you go there knowing that Mr. Oliva was going to commit an armed robbery?" [CR-ECF 37 p. 12]. In response, Movant replied "Yes, Your Honor." [*Id.* at p. 13].

Fed. R. Crim. P. 11(b)(3) requires that, "before accepting a guilty plea, a district court 'must determine that there is a factual basis for the plea.'" *Frye*, 402 F.3d at 1128 (quoting Fed. R. Crim. P. 11(b)(3)). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Id.* (quotations and internal citations omitted). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *Id.*

At the change of plea hearing, the Court found that Movant's § 924(c) charge was supported by an independent basis in fact as to each essential element. While nothing in the Factual Proffer specifically supports such a finding, Movant is liable for his co-defendant's act of brandishing the firearm pursuant to § 2 as an aider and abettor because Movant (1) actively participated in the Hobbs Act robbery, by aiding and abetting it, and (2) admitting he had advance knowledge that his co-defendant "was going to commit an **armed** robbery." [CR-ECF 37 p. 12] (emphasis added).

By admitting prior knowledge that his co-defendant would use a gun during the crime, and continuing forward with the crime, Movant did aid and abet the Hobbs Act robbery offense. *See Rosemond* 572 U.S. at 78, 82.

## VI. Recommendation

Accordingly, it is hereby **RECOMMENDED** that Movant's Motion to Vacate [ECF 1] be **DENIED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 5th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**; and

**Cedrick Thomas**
14303-104
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599