United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Cedrick Thomas, Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-23378-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent. | | |

## **Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-02 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On December 5, 2019, Judge Reid issued a report, recommending that the Court deny the motion to vacate sentence and dismiss the case. (Report of Magistrate, ECF No. 16.) The Movant has not filed objections to the report, and the time to do so has passed.

Cedrick Thomas moves to vacate his sentence on the basis that recent Supreme Court precedent invalidates his conviction. Specifically, he argues that it invalidates Count 3 of his indictment for brandishing a firearm in furtherance of a crime of violence because the United States Supreme Court found part of the firearm statute defining "crime of violence," 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague. *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019). However, aiding and abetting a Hobbs Act robbery, the predicate offense for Count 3, qualifies as a crime of violence under the elements clause of § 924(c)(3)(A), rather than the unconstitutionally vague residual clause of § 924(c)(3)(B). *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (Hobbs Act robbery qualifies as a crime of violence under elements clause); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery"); *Davenport v. United States*, __ Fed. App'x __, 2019 WL 6896688 (11th Cir. Dec. 18, 2019) ("binding precedent in this Circuit holds that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and therefore his appeal [which challenges his conviction under *Davis*] lacks merit."). Therefore, Thomas's motion to vacate his sentence must be denied.

The Court has considered Judge Reid's report, the record, and the relevant legal authorities. The Court **affirms and adopts** Judge Reid's report and recommendation (ECF No. 16). The Court **denies** the motion to vacate

sentence (ECF No. 1). Finally, the Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on January 2, 2020.

Robert N. Scola, Jr.
United States District Judge